UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONNIE WASHINGTON,

        Petitioner,

v.                                                 Case No. 05-C-0822

JODINE DEPPISCH,

        Respondent.

## ORDER

On August 2, 2005, Ronnie Washington filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Waukesha County Circuit Court of burglary, party to the crime, as a habitual criminal contrary to Wis. Stat. §§ 943.10(1)(a), 939.05(1), and 939.62(2) and was sentenced to thirteen years imprisonment with five years extended supervision. He is currently incarcerated at Fox Lake Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

The petition states three claims for relief. The first is that the prosecution failed to disclose evidence casting doubt on the credibility of the state's star witness. The prosecution's failure to disclose exculpatory evidence can amount to a violation of due process under *Brady v. Maryland*, 373 U.S. 83 (1963). The second claim is that, as a result of that denial, petitioner's trial and appellate counsel provided ineffective representation. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). The third claim is that petitioner's conviction was obtained by the use of evidence gained by an unconstitutional search and seizure. The Fourth Amendment to the Constitution guarantees citizens the right to be secure against unreasonable searches and seizures. Because the constitutional issues raised by the petition are at least colorable, this case may proceed.

Regarding exhaustion, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted). A

petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Correctional Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990).

Here, petitioner raised all his claims in his state court appeals, albeit under the rubric of ineffective assistance of trial counsel. Because petitioner has exhausted his state remedies, this case will be allowed to proceed.

Petitioner has also filed a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, however, this section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." *See* 18 U.S.C. § 3006A(a)(2). Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997).

Here, petitioner's Application to Proceed Without Prepayment of Fees and Affidavit clearly shows that he is financially eligible for appointment. The question is whether appointment of counsel would serve the interests of justice. In determining whether the interests of justice will be served by the appointment of counsel in a habeas case, the court considers the difficulty of the case and the petitioner's ability. It is significant in most habeas cases that the issues raised in federal court must first have been raised and fully considered in state court. *See* 28 U.S.C. § 2254(b)(1)(A). This means that typically, assuming he was represented by counsel in state court proceedings, the petitioner will have the benefit of his previous attorney's briefing on the very same issues he seeks

to raise in federal court. The one exception may be where the petitioner is claiming that the attorney or attorneys who represented him in the state court proceedings provided ineffective assistance of counsel. That is true of the claims petitioner raises here.

Nevertheless, I am not convinced that appointment of counsel would serve the interests of justice in this case. Petitioner appears from his filings to date to have greater than average ability to communicate in writing. In addition, I note that review in a habeas case is of the record that already exists. Thus, there is no need for outside investigation of facts and gathering new evidence. Finally, the issues petitioner has raised in his petition are not so complex that denying his request would result in a miscarriage of justice. While my appraisal of the complexity of the case and petitioner's ability may change as the matter proceeds, I cannot say at this time that the interests of justice require the appointment of counsel. Accordingly, petitioner's motion will be denied. The denial is without prejudice, however. In the event circumstances change, I will reconsider Petitioner's request.

Petitioner filed with his petition an application for leave to proceed *in forma pauperis*. He also, however, has submitted the $5 filing fee. Because he paid the filing fee, his request to proceed *in forma pauperis* will be denied as moot.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer

within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**FURTHER, IT IS ORDERED** that petitioner's motion for appointment of counsel is **DENIED**, without prejudice.

**FURTHER, IT IS ORDERED** that petitioner's request for leave to proceed *in forma pauperis* is **DENIED** as moot.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this   15th   day of August, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
