# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RONNIE WASHINGTON**,
ALSO KNOWN AS RONNIE RINGOLD,

        Petitioner,

  v.

                                   **Case No. 05-C-822**

**JODINE DEPPISCH,**

        Respondent.

## DECISION AND ORDER ON THE HABEAS CORPUS PETITION

Petitioner Ronnie Washington ("Washington") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. He was convicted following a jury trial in Waukesha County Circuit Court of one count of burglary, in violation of Wisconsin Statute section 943.10(1)(A). Petitioner was convicted under the name Ronnie L. Ringold.

This case was previously screened according to Rule 4 of the Rules Governing § 2254 Cases by the Honorable William C. Griesbach. Additionally, Judge Griesbach denied the petitioner's motion for appointment of counsel and denied as moot the petitioner's request to proceed in forma pauperis. This case was transferred to this court upon the parties' consent to the full jurisdiction of a magistrate judge. On September 13, 2005, respondent filed a motion to dismiss, alleging that Washington had failed to exhaust state remedies. On September 27, 2005, Washington responded to the respondent's motion. In this response, Washington requested that his

-1-

Case 1:05-cv-00822-AEG   Filed 07/13/06   Page 1 of 3   Document 20

habeas petition be stayed as he exhausts state remedies. The respondent replied on October 7, 2005, arguing that Washington could not demonstrate good cause to warrant a stay, as is required under Rhines v. Weber, 544 U.S. 269 (2005). On April 26, 2006, Washington submitted a letter to the court inquiring as to the status of his petition. In that letter, Washington renewed his request for a stay but added additional claims he sought to exhaust in state court, specifically that he had newly discovered evidence.

In his petition, Washington raises three grounds for relief: (1) the prosecution failed to disclose impeachment evidence; (2) Washington was denied effective assistance of counsel; and (3) conviction was obtained by the use of evidence that was unconstitutionally seized. The respondent answered, arguing that none of Washington's claims were properly presented in the state courts. Therefore, the respondent sought dismissal of Washington's petition. Washington agrees with the respondent's argument that he failed to exhaust his state remedies. Therefore, the court turns to the question of whether Washington has demonstrated good cause for his failure to exhaust state remedies; the plaintiff must satisfy this requirement in order to be entitled to a stay pursuant to Rhines v. Weber, 544 U.S. 269.

"[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Rhines, 544 U.S. at 277. The only explanation that Washington provides for his failure to raise these issues in state court is that he has "psychological disabilities" and that he is proceeding pro se. Washington provides no explanation as to the nature of his psychological disabilities. These explanations do not constitute

good cause and therefore Washington's request for a stay must be denied pursuant to <u>Rhines v. Weber</u>.

Although Washington did raise an ineffective assistance of counsel claim in state court, the claim he raises in this habeas petition is distinct. In state court, Washington presented three arguments that his trial counsel was ineffective: (1) by failing to file a motion to suppress evidence obtained from a warrantless search of his vehicle; (2) by failing to call witnesses to impeach the credibility of Washington's ex-girlfriend who testified for the state; (3) by having a conflict of interest from accepting part of his fee from Washington's ex-girlfriend who testified for the state. In his present petition, Washington argues that he was denied the effective assistance of counsel because the prosecution withheld impeachment evidence. Washington does not pursue his exhausted claims.

Because Washington has failed to pursue his claims in state court, the petition must be dismissed pursuant to 28 U.S.C. § 2254(b)(1)(A) and (c).

**IT IS THEREFORE ORDERED** that the petitioner's request for a stay is **denied**.

**IT IS FURTHER ORDERED** that the respondent's motion to dismiss the petition is **granted** and this case is **dismissed**.

Dated at Milwaukee, Wisconsin, this <u>13th</u> day of July, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge